UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006-OA2 MORTGAGE PASS THROUGH CERTIFICATE, SERIES 2006-OA2<br><br>Plaintiff,<br>v.<br><br>RONALD-GARCIA SANTOS, aka Ronald G. Santos, an individual; PAVAROTTI TRUST #8197, NV WEST SERVICING, LLC, as Trustee, DOES 1-10; and ROE CORPORATIONS 1-10,<br><br>Defendants. | Case No. 2:16-cv-02579-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion to Stay – ECF No. 43) |

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Before the Court is Defendant Pavarotti Trust #8197, NV West Servicing, LLC's ("Pavarotti") Motion to Stay. (ECF No. 43.) Plaintiff Bank of New York ("BONY") has opposed (ECF No. 46), and Pavarotti has replied (ECF No. 47).

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result

from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. (ECF No. 43 at 2 (citing Nev. S. Ct. Case No. 72931).) NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS § 107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would

arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). Pavarotti contends that the HOA provided such notice in this case. (*See* ECF No. 49 at 2-3; *see also* ECF No. 37 at 2 (denying allegations that the HOA did not provide such notice).)

BONY first opposes Pavarotti's motion on the ground that BONY will be prejudiced if the case is stayed. (ECF No. 46 at 4.) BONY explains that it has been prohibited from foreclosing under the Deed of Trust. (*Id.*) However, any damage to Plaintiff from a stay will be outweighed by the fees that all parties will surely incur from continued litigation—a decision in the proceedings before the Nevada Supreme Court could moot a decision by this Court. Until there is finality on the issue of whether NRS § 116.31168 incorporates NRS § 107.090, a stay will benefit the parties and conserve judicial resources.

BONY next opposes Pavarotti's motion on the ground that Pavarotti will not incur any hardship in the absence of a stay. (*Id.* at 5.) However, all parties would suffer hardship in the form of continued litigation if this Court issued a decision that was subsequently mooted by the Nevada Supreme Court.

Finally, BONY opposed Pavarotti's motion on the ground that the Court can resolve this case based on *Bourne Valley*. (*Id.* at 5-6.) The Nevada Supreme Court's decision could render *Bourne Valley* inapplicable in this case, however, as explained *supra*.

It is therefore ordered that Pavarotti's Motion to Stay (ECF No. 43) is granted. This action is temporarily stayed until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution. All pending motions (ECF Nos. 36, 41)

are denied without prejudice and may be refiled within thirty (30) days from the Nevada Supreme Court's decision on the certified question.

DATED THIS 4th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE