UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2006- OA2 MORTGAGE PASS THROUGH CERTIFICATE, SERIES 2006-OA2,<br><br>Plaintiff,<br><br>v.<br><br>RONALD-GARCIA SANTOS, aka Ronald G. Santos, an individual; PAVAROTTI TRUST #8197, NV WEST SERVICING, LLC, as Trustee; TRAMONTO VILLAGGIO HOMEOWNERS ASSOCIATION,<br><br>Defendants. | Case No. 2:16-cv-02579-MMD-BNW<br><br>ORDER |
| PAVAROTTI TRUST #8197, NV WEST SERVICING, LLC, as Trustee,<br><br>Counterclaimant,<br><br>v.<br><br>THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDER S CWALT, INC. ALTERNATIVE LOAN TRUST 2006- OA2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA2,<br><br>Counterdefendant. | |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of real property located at 8197 Pavarotti Avenue, Las Vegas, NV 89178 ("Property"), to satisfy a homeowners' association lien. There are three pending motions before the Court. First, Defendant Pavarotti Trust #8197, NV West Servicing, LLC as Trustee ("Pavarotti") renewed its motion

to dismiss ("MTD") the amended complaint ("FAC") (ECF No. 33). (ECF No. 66.) Next, in response to Pavarotti's MTD, Plaintiff The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OA2 Mortgage Pass-Through Certificates, Series 2006-OA2 ("BoNY") moved for summary judgment ("MSJ") on its claims for quiet title and declaratory relief against Pavarotti along with requesting that the Court convert Pavarotti's MTD for consideration as a matter of summary judgment. (ECF No. 69.) Pavarotti then countered with its own MSJ—essentially a cross-motion to BoNY's MSJ. (ECF No. 74.) Because the Court agrees with BoNY that there was proper and adequate tender of the superpriority amount of the lien, the Court grants BoNY's MSJ and therefore denies Pavarotti's MSJ. As the issue of tender required the Court to look beyond the pleadings, Pavarotti's MTD is denied as moot.[1]

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Ronald G. Santos and Rowena B. Santos ("Borrowers") financed the Property in 2006 with a $550,650.00 loan ("Loan") from Countrywide Home Loans, Inc. (ECF No. 69-1.) The loan was secured by a deed of trust ("DOT") against the Property. (*Id.*) The DOT named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.* at 3.) The DOT was assigned to BoNY in August 2010 via corporate assignment. (ECF No. 69-2.)

Borrowers failed to pay all HOA assessments of $48.00 monthly. (ECF No. 69-5.) Accordingly, the HOA, through its agent, Absolute Collection Services, LLC ("Absolute"), recorded a notice of delinquent assessment lien ("Notice") against the Property on August 15, 2011. (ECF No. 69-3.) The Notice provided that assessments were a total amount of $1,167.91 as of August 12, 2011, and that additional charges would accrue. (*Id.* at 2.)

///

---

[1] In addition to these motions, the Court has considered the accompanying responses and replies (ECF Nos. 68, 70, 71, 72, 73, 76) as well as BoNY's notice of supplemental authorities (ECF No. 77). Pavarotti did not file a reply in support of its MSJ. The Court notes that while Defendant Tramonto Villaggio Homeowners Association ("HOA") filed a joinder to Pavarotti's MTD (ECF No. 67), it did not do the same for Pavarotti's MSJ nor separately file a motion or response to either MSJ.

The HOA recorded a notice of default and election to sell in early November 2011, which provided that Borrowers owed $2,139.19 as of November 8, 2011. (ECF No. 69-4.) About December 29, 2011, Bank of America, N.A. ("BANA") sent a check to the HOA in the amount of $2,139.19—the total amount noted in the default notice. (73-2 at 5.) The HOA received the check (*id.* at 3), but the HOA's ledger/statement of account did not reflect the full amount paid (*id.* at 2–3). In late October 2012, a request was made for an updated statement of the HOA's statement of account to reflect application of the missing amount and the current amounts due (*id.* at 2). The HOA's statement of accounts was updated, and "as of October 30, 2012" reflected payments received, totaling $2,139.19, with the HOA/Absolute electing to apply $439.19 to owed assessments and another $1,700.00 to collection costs. (ECF No. 69-7.)

On August 13, 2012, the HOA, through Absolute, recorded a notice of trustee's sale. (ECF No. 69-8.) This notice provided that the total amount due to the HOA was $2,746.75, plus interest, advances, estimated fees, charges, and expenses of the trustee. (*Id.*) This notice was not mailed to BoNY (ECF No. 69-5 at 37). Absolute sold the Property at the HOA Sale to Pavarotti on December 11, 2012, for $7,150.00 (ECF No. 69-9.)[2]

Because BoNY presents evidence of tender here, the Court considers the posture of this case as a matter of summary judgment. Because Pavarotti has filed an MSJ (ECF No. 74), the Court will consider the arguments Pavarotti makes therein in addition to its response to BoNY's MSJ in lieu of the arguments in the MTD. (*Compare* ECF No. 66 *with* ECF No. 74.)

### III. LEGAL STANDARDS

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

///

---

[2] The Court grants BoNY's request for judicial notice of facts derived from the publicly available records of the Clark County Recorder (ECF No. 69 at 7). *See, e.g.*, *Disable Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining a court may consider a government agency's records and other public records).

3

F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV. DISCUSSION**

Pavarotti makes numerous arguments in opposition to BoNY's MSJ and in favor of a grant of summary judgment in its favor. (ECF Nos. 72, 74.) However, the Court only addresses the parties' arguments regarding tender as the Court finds the issue dispositive in this case. Relevantly, BoNY argues that because BANA tendered the correct amount to satisfy the superpriority lien, the DOT was preserved from extinguishment. (*See, e.g.*, ECF No. 69 at 4, 9, 11–12; ECF No. 74 at 4.) The Court agrees with BoNY.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of Am., N.A. v. Thomas Jessup, LLC Series VII ("Jessup")*, 435 P.3d 1217, 1218 (Nev. 2019). Even more recently, the Ninth Circuit weighed in to confirm the Nevada Supreme Court had settled this issue— "the holder of the first deed of trust can establish the superpriority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

BoNY presents evidence to show that BANA tendered the superpriority portion of the HOA lien to preserve its DOT. Pavarotti offers slightly different arguments regarding tender in its response to BoNY's MSJ (ECF No. 72 at 2–9) and its own MSJ (ECF No. 74 at 20–24). Distinct from the latter, Pavarotti argues in the former that the fact of a tender being made is unsupported by adequate evidence. (ECF No. 72 at 2–4). This argument is based on Pavarotti's contention that (1) the check is not accompanied by a proof of mailing or supported by affidavit, (2) whether the payment was applied to the HOA lien is unsupported by any evidence, (3) there is no deposition testimony corroborating what the statement of account is,[3] and (4) there is no deposition testimony corroborating the full

///

---

[3]Pavarotti erroneously states that the statement of account is not attached as an exhibit. The statement of accounts is in fact attached as an exhibit to BoNY's MSJ. (*See* ECF No. 69-7.)

1    $2,139.19 check. (*Id.*) However, these arguments are foreclosed by Exhibit 69-7
2    evidencing the HOA's statement of account and Exhibit 73-2 which references the receipt
3    of a $2,139.19 check and reflects a discrepancy in Absolute's record keeping that led to
4    the HOA's statement of account not documenting the full payment. The statement of
5    account constituting Exhibit 69-7 evidently reflects the correct amount of the check being
6    assessed to the HOA's assessments and collection costs. Meaningfully, the record
7    supports that the statement of account that is Exhibit 69-7 was completed after the
8    following email:

> We are currently waiting for Renisha to advise on the previously sent payment. A payment of $2,139.19 was sent but wasn't shown on the ledger. There was a payment of $439.19 that was applied we wanted to know where the $1,700.00 left for the check was applied to.

(*See* ECF No. 73-2 at 3.) A later responsive email provides:

> The payment you are referring to was sent in January of 2012. The $1700 was applied to collection costs, but doesn't appear on the statement of account provided.
>
> . . . please provide them an updated statement showing the application of the $1700 for collection costs and the current amounts due.

(*Id.* at 2.) To be clear, any question as to what the statement of account reflects is answered by Absolute's email records. Further, that the record now plainly establishes the $2,139.19 payment may explain why Pavarotti excluded its evidence insufficiency argument from its later filed MSJ. (*Compare* ECF No. 72 *with* ECF No. 74.)

In response to BoNY's MSJ, Pavarotti also appears to argue that as a matter of law and public policy BoNY was required to record the tender to put a purchaser on notice of a portion of the HOA's lien being paid. (ECF No. 72 at 6–9; *see also* ECF No. 75 at 2.) The Nevada Supreme Court has rejected this argument. *Bank of Am., N.A.*, 427 P.3d at 119 (concluding BANA did not need to record its tender).

The state's high court has also rejected the additional arguments regarding tender that Pavarotti makes in its MSJ. In its MSJ Pavarotti argues that: (1) "good faith rejection" by the HOA of BANA's offered payment of the superpriority amount rendered the offer ineffective; and (2) BANA's tender did not discharge the lien because BANA was not

primarily responsible for the assessments.[4] (ECF No. 74 at 20–24.) The Court finds there is no evidence of a good faith rejection at issue here, and even if there was Pavarotti's arguments fail in light of *Bank of Am., N.A* and *Jessup.* Additionally, in *Bank of Am., N.A.*, the Nevada Supreme Court took no issue with BANA's tender of the superpriority amount of the HOA lien based on BANA not having primary responsibility for paying the assessments. Of course, the delinquent homeowner will be primarily responsible in nearly all cases, but that fact does not foreclose the right to act to protect a deed of trust by paying the superpriority amount. Finally, dispositive here is the fact that the court found that "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion, because it cannot extinguish the first deed of trust on the property." *Bank of Am., N.A.*, 427 P.3d at 121.

Pavarotti appears to acknowledge the dispositive effect of *Bank of Am., N.A.*, but nonetheless contends the decision is wrong. (ECF No. 74 at 20.) The Court declines to entertain Pavarotti's attempt to seek invalidation of the state's highest court's decision on matters of state law. *See Kwan v. San Medica Int'l*, 854 F.3d 1086, 1093 (9th Cir. 2017) (explaining that federal courts must ascertain what the state's law is and apply it for the vindication of state rights); *Forrester v. S. Pac. Co.*, 134 P. 753, 759 (Nev. 1913) (highlighting that the construction placed on a statute by the highest court of a state controls in federal court, so long as such construction does not violate federal laws, even where "the federal court may believe the opinion of the state court is improper").

Accordingly, the Court finds that BoNY is entitled to summary judgment on its quiet title and declaratory relief claims and Pavarotti's counterclaims for the same (ECF No. 74;

///

///

---

[4]Pavarotti also makes the latter argument in response to BoNY's MSJ. (ECF No. 72 at 4–6). Additionally, in the conclusion of its MSJ, Pavarotti includes a sentence stating that the tender was insufficient because it was not provided in the form of a cashier's check and there was a lack of proof that there were sufficient funds in BANA's bank account. The Court is reluctant to consider this conclusory statement without authority supporting its premise—that tender must be provided in the form of a cashier's check. In any event, the argument is baseless as Absolute's statement of account evidences that the check was applied to the HOA's account, thus undermining any sufficiency of funds argument.

7

1 | *see also* ECF No. 9 at 6–7). The Court declares that the HOA Sale did not extinguish
2 | BoNY's DOT. The Court therefore denies Pavarotti's motion for summary judgment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that BoNY's motion for summary judgment on its quiet title and declaratory relief claims (ECF No. 69) is granted. The Court declares that the HOA Sale did not extinguish the DOT and the DOT thus continues to encumber the Property. In light of the Court's ruling in favor of BoNY, BoNY's remaining claims (*see* ECF No. 33) are dismissed as moot.

It is further ordered that Pavarotti's motion for summary judgment (ECF No. 74) is therefore denied.

It is further ordered that Pavarotti's renewed motion to dismiss the FAC (ECF No. 66) is denied as moot.

It is further ordered that the Clerk of Court enter judgment in BoNY's favor in accordance with this order and close the case.

DATED THIS 10th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE